IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONA CARTER, Individually and as Executrix of the Estate of Ivan Carter, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 9-1593 |
| JOHN J. KANE REGIONAL CENTERS – McKeesport, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### Synopsis

Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 17). After careful consideration of submissions and as more fully set forth below, Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

### I. Background

Plaintiff, Leona Carter, Individually and as Administratrix of the Estate of Ivan Carter, deceased, has filed a Complaint against Defendant, John J. Kane Regional Centers - McKeesport. (ECF No. 1). The Complaint alleges causes of action pursuant to 42 U.S.C. §1983 for alleged violations of the Omnibus Budget Reconciliation Act of 1987 (OBRA"), the Federal Nursing Home Reform Act ("FNHRA"), and the 14th Amendment for "injury to human dignity." (ECF No. 1, p. 11). Defendant filed a Motion for Summary Judgment. (ECF No. 17). Plaintiff was given until May 16, 2011 to respond. Plaintiff failed to respond.[1] Since Plaintiff is now *pro*

---

[1] Plaintiff was represented by counsel when the Complaint was filed. On February 18, 2011, I permitted Plaintiff's counsel to withdraw. (ECF No. 16). To date, Plaintiff has failed to secure new counsel. Consequently, Plaintiff is now *pro se.*

1

se, I, *sua sponte,* issued an order extending Plaintiff's response date to June 8, 2011. *See,* ECF text entry dated May 31, 2011 and mailed to Plaintiff on May 31, 2011. Plaintiff again failed to respond thereto. As a result, I am forced to rule upon the Motion for Summary Judgment without the aid of Plaintiff's response.

To that end, I note that Defendant has filed a Concise Statement of Undisputed Material Facts. (ECF No. 18). Pursuant to Local Rule 56E, failure to deny or otherwise controvert said Statement will result in the statements contained therein being deemed admitted. *See,* Rule 56E of the Local Rules of Court for the Western District of Pennsylvania. Since Plaintiff never responded to Defendant's Concise Statement of Undisputed Material Facts, the facts contained therein are deemed admitted. Thus, the facts of this case are as follows:

"Plaintiff's decedent, Ivan Carter, became a resident of the John J. Kane Regional Center-McKeesport on December 5, 2007. He had been in HealthSouth Hospital of Pittsburgh from October 19, 2007, until December 5, 2007, for left heel ulcer wound care after having spent a week in Forbes Regional Hospital for a gastrointestinal bleed." (ECF No. 18, ¶1). "At the time of admission, Mr. Carter was 75 years of age and was in poor physical condition. His admitting diagnoses included, *inter alia,* ESRD-dialysis (end stage renal disease requiring dialysis), COPD (chronic obstructive pulmonary disease), a left heel pressure ulcer that was infected with Vancomycin-resistant enterococci ("VRE"), which is a drug resistant form of bacterium, prostate cancer, degenerative joint disease, and a history of CVA (cerebrovascular accident, i.e. "stroke") with left sided weakness, and a history of MI (myocardial infarction). He was nonambulatory." *Id.* at ¶2.

"During Mr. Carter's residency, he was treated and followed by physicians including Roger D. Zioncheck, M.D. and Harry Lanauze, M.D." *Id,* at ¶.3. "On December 5, 2007, the Kane staff examined Mr. Carter and assessed his potential for skin breakdown. He was scaled to be an '18' on the Braden Scale, which is not a high risk for skin break down." *Id,* at ¶4.

"Nonetheless, because of the pre-existing pressure ulcer, the Kane Center ordered a special mattress to prevent further skin breakdown." *Id,* at ¶5.

"Orders were put in place to 'float' Mr. Carter's heel to assist it in healing." *Id*, at ¶6. "Further, when Mr. Carter could not reposition himself, the Kane Center turned and repositioned Mr. Carter every two hours." *Id.* at ¶7. "Mr. Carter's risk for skin breakdown was monitored on multiple other occasions as well, including, *inter alia,* December 12, 2007, December 19, 2007, and December 20, 2007." *Id.* at ¶8.

"On January 9, 2008, the Kane Center noted a Grade II pressure sore on Mr. Carter's coccyx." *Id.* at ¶9. "In order to treat this new finding, the Kane Center ordered and employed a medical device known as a 'mobile air chair' which provides alternating pressures to prevent skin breakdown. Silvadene cream was ordered, as well as an occupational therapy consult for bed positioning." *Id.* at ¶ 10.

"During Mr. Carter's residency, the Kane Center had him followed by a dietician who developed a diet plan for him. Harry Lamaze, M.D. was also involved in reviewing, approving and modifying Mr. Carter's diet when necessary." *Id.* at ¶11. "During Mr. Carter's residency, the Kane Center provided the diet recommended by the dietician, and provided nutritional supplementation. Mr. Carter's food intake was monitored and charted." *Id.* at ¶12. "When Mr. Carter's food consumption fell short of what was recommended by the dietician, the Kane Center staff put Mr. Carter on interventions to help him eat more to increase his caloric consumption." *Id.* at ¶13.

"Mr. Carter's pressure sore was also monitored by Dr. Lamaze and Dr. Zioncheck." *Id.* at ¶14. "Mr. Carter's pressure sore had resolved by May 2008 due to the care provided by the Kane Center." *Id.* at ¶15.

"on or about July 20, 2008, pressure sores were identified on his scrotum and buttocks." *Id.* at ¶16. "On July 21, 2008, Dr. Lamanze ordered Bourdeaux's paste to be applied to Mr.

Carter's buttocks and scrotum. He further ordered discontinuance of mobile air chair and the use of silvadene cream for the buttocks and scrotum." *Id.* at ¶17. "On July 29, 2008, Mr. Carter was receiving renal dialysis off site when he started to get chills, weakness and elevated temperature. He was transferred from the dialysis clinic to Jefferson Regional Medical Center." *Id.* at ¶18. "The Jefferson Hospital records indicate that on July 30, 2008, Mr. Carter's family elected to withdraw measures designed to prolong Mr. Carter's life and placed him on comfort measures only. This included a decision to end Mr. Carter's dialysis treatments, without which he would soon perish." *Id.* at ¶19. The Jefferson Hospital records further indicate that on July 30, 2008, Mr. Carter's family wanted him to be placed on comfort measures only and to be transferred back to the Kane Center to die." *Id.* at ¶20. "On July 30, 2008, Mr. Carter returned to the Kane Center on comfort measures only. Per his family's request, renal dialysis treatments were not provided. Dr. Lanauze provided a verbal order to this effect." *Id.* at ¶21. As expected, he died on August 3, 2008 at the age of 75." *Id.* at ¶22.

## II. Legal Discussion

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v.*

*Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.,* 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

### B. Actions Pursuant to Section 1983

According to Plaintiff's Complaint, all of her causes of action are brought pursuant to 42 U.S.C. §1983. (ECF No. 1). Section 1983 provides, in pertinent part, as follows:

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C.A. § 1983. As such, governmental units, like Defendant in this case,[2] are subject to liability pursuant to §1983 only where a policy, practice or custom directly causes an injury. *Monell v. Dept. of Soc. Serv. of New York,* 436 U.S. 658, 694 (1978). It is not enough to simply allege a violation of a policy, a plaintiff must allege and develop facts which would demonstrate a link between the conduct and the policy which has been adopted or authorized by the governmental unit. The official policy must be the "moving force" behind the violation. *Id.*

Defendant asserts that there is no evidence that any of their policies is defective or deficient in any way or that any of their policies is the moving force in a violation of the decedent's rights. (ECF No. p. 6). I note that Plaintiff appears to have attempted to assert some policies and/or customs in the Complaint. (ECF No. 1). Since Plaintiff failed to respond to the Motion for Summary Judgment, however, even after given an extension, *sua sponte,* I agree with Defendant that there is no evidence of record to create a genuine issue of material fact on the issue of whether such policies or customs actually exist, whether a policy, practice or custom of Defendant's caused the decedent's alleged violations, or whether it was the "moving force" of the alleged violations. Plaintiff had the burden of coming forward with some evidence. Having failed in coming forward with any evidence, summary judgment in favor of Defendant is warranted.[3]

An appropriate order shall follow.

---

[2] "The Kane Center is a residential skilled nursing care and rehabilitation center for short-term and/or long-term needs, and is operated by Allegheny County." *Grammer v. John J. Kane Regional Centers-Glen Hazel,* 570 F.3d 520, 522 (3d Cir. 2009).

[3] Since I have granted summary judgment on this ground, I need not consider the other arguments raised by Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONA CARTER, Individually and as Executrix )
of the Estate of Ivan Carter, Deceased, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 9-1593
)
JOHN J. KANE REGIONAL CENTERS – )
McKeesport, )
)
    Defendant. )

AMBROSE, Senior District Judge

# **ORDER**

AND now, this 20th day of June, 2011, after careful consideration Defendant's Motion for Summary Judgment (ECF No. [17]), said Motion (ECF No. [17]) is granted.

The case shall be marked closed.

                        BY THE COURT:

                        <u>s/ Donetta W. Ambrose</u>
                          Donetta W. Ambrose
                          United States Senior District Judge